IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO MAYORGA,

    Petitioner,                       No. CIV S-11-3373 DAD P

    vs.

GARY SWARTHOUT,

    Respondent.                    ORDER

          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

          Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On December 20, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he alleges that on January 7, 2010, the Board of Parole Hearings conducted a parole hearing and found him unsuitable for release on parole. The Board's decision became final on May 7, 2010. In his petition before this court, petitioner asserts two grounds for relief in which he essentially claims that the Board's 2010 decision finding him unsuitable for parole violated his constitutional rights because it was not based on "some evidence" in violation of clearly established federal law. (Pet. at 5-23 & Ex. A.)

## ANALYSIS

The instant petition will be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

1  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
2  person to be conditionally released before the expiration of a valid sentence."). However, a
3  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
4  will be granted" when or unless certain designated findings are made, and thereby gives rise to a
5  constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

6  California's parole scheme gives rise to a liberty interest in parole protected by the
7  federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
8  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
9  Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
10 this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
11 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
12 California law creates a liberty interest in parole."). In California, a prisoner is entitled to release
13 on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
14 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

15 In Swarthout, the Supreme Court reviewed two cases in which California
16 prisoners were denied parole - in one case by the Board, and in the other by the Governor after
17 the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that
18 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
19 requires fair procedures, "and federal courts will review the application of those constitutionally
20 required procedures." Id. at 862. The Court concluded that in the parole context, however, "the
21 procedures required are minimal" and that the "Constitution does not require more" than "an
22 opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
23 Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit
24 decisions that went beyond these minimal procedural requirements and "reviewed the state
25 courts' decisions on the merits and concluded that they had unreasonably determined the facts in
26 light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected

the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.[1] See also Pearson, 639 F.3d at 1191.

In this case, petitioner seeks federal habeas relief on the grounds that the Board's 2010 decision to deny him parole, and the findings upon which that denial was based, were not supported by sufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment. However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'").

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .").

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2010 parole suitability hearing. The record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. (Pet. Ex. A.) That is all the process that was due petitioner under the U.S. Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191. Accordingly, the pending petition should be dismissed because it plainly appears from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to federal habeas relief with respect to his due process claim.[2]

**OTHER MATTERS**

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). For the reasons set forth above, the court declines to issue a certificate of appealability in this action.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 4) is granted;

2. Petitioner's application for writ of habeas corpus (Doc. No. 1) is dismissed for failure to state a cognizable claim for federal habeas relief;

/////

---

[2] Petitioner previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 5.)

      3. A certificate of appealabilty is not issued in this action; and

      4. This action is closed.

DATED: March 1, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mayo3373.156